LOTTINGER, Judge.
Ethel Williams, appearing individually and as tutrix of her minor son, Frederick Franklin, instituted suit against Elijah Hawkins, individually and as administrator for and on behalf of his minor son, Reanold Hawkins, for injuries received by Frederick Franklin in an accident on July 2, 1970, *76 when he was thrown from a horse owned by Reanold Hawkins, the son of Elijah Hawkins. The Lower Court dismissed plaintiff’s suit, and from this judgment of dismissal, plaintiff has taken this appeal.
Plaintiff alleges negligence on the part of defendant’s son in several particulars and also attempts to sustain liability under the doctrine of res ipsa loquitur. The defendant answered denying the manner in which the accident occurred and contending that plaintiff’s son was contributory negligent and assumed the risk of riding the horse.
Frederick Franklin, who was ten years old on the day of the occurrence, testified that prior to the accident, he had been riding with Cookie Haldford on the latter’s horse. He said that they rode into William’s Shopping Center on Scenic Highway and Progress Road, Baton Rouge, Louisiana, and that as they approached the area, he observed Reanold Hawkins and his horse on the concrete portion of the parking lot adjoining the shopping center. He testified that Reanold asked him to get up on his horse and hold the horse back because it was acting up and he wished to restrain it. He stated that he acquiesced and Reanold then assisted him in mounting the horse and subsequently Reanold left to run an errand at a residence located near the shopping center. Frederick Franklin related that while Reanold was gone, the horse reared back and fell on him. He admitted that his parents had told him not to ride horses and that immediately before the accident, his sister had told him not to get on the horse in question.
Reanold Hawkins testified that he was walking the horse to a tree in the rear of the shopping center when young Franklin asked whether he could ride the horse. He said he declined Franklin’s request, and that after tying his horse to the tree, he went to a residence near the shopping center. He said that as he was returning, he saw the horse throw Frederick Franklin who had apparently mounted the horse in Reanold’s absence.
Just as there is direct conflict in the testimony given by the two boys, there is considerable conflict in the testimony of the other witnesses. Nevertheless, in its reasons for judgment, the Lower Court found as a matter of fact that Reanold Hawkins did finally give his permission to Frederick Franklin to ride his horse. It further found as a matter of fact that both boys were old enough to be held responsible for any lack of judgment in the commission of what would normally be described as negligent acts. The Lower Court also found that Frederick Franklin had been warned by his parents not to ride horses in general, and, shortly before he was thrown, his sister had told him not to get on the horse belonging to Reanold Hawkins because the horse was acting up.
The Lower Court did not reach the issue of Reanold Hawkins’ negligence, but rather rested its decision on a finding that Frederick Franklin was guilty of contributory negligence. The Court therefore found that even if Reanold Hawkins could have been held negligent, plaintiff’s claim was barred by the contributory negligence of Frederick Franklin. The Lower Court does not set out any particular act of negligence on the part of Frederick Franklin, but it apparently reached this result because the Franklin boy got on a horse which, according to his testimony and also that of his sister, was acting up.
We think this finding of contributory negligence by the Lower Court is correct, but we will go one step more. The law of Louisiana with respect to accidents such as the one sued upon herein is well settled. The test for determining liability in such cases has been stated by the First Circuit Court of Appeal in the case of Talley v. Travelers, Insurance Co., 197 So.2d 92, 95 (La.App.1967). Therein the court stated that:
“For one to recover for such injuries, they must satisfy the burden of proving *77 (1) the existence of dangerous propensity of the animal inflicting the damage, and (2) knowledge of such propensity on the part of the owner of the animal. These dual requirements for liability have been uniformly adopted by our courts. Tamburello v. Jaeger, La.App., 176 So.2d 707; Kling v. United States Fire Insurance Co., La.App., 146 So.2d 635, 1 A.L.R.2d 1011; Mercadel v. Phoenix of Hartford Insurance Co., La.App., 144 So.2d 670; Espinosa v. Hill, La.App., 138 So.2d 12; Marsh v. Snyder, La.App., 113 So.2d 5; Hartman v. Aschaffenburg, La.App., 12 So.2d 282.”
The only evidence in the record which could even remotely tend to show that the animal in question had any particularly undesirable traits whatsoever was the assertion of plaintiff’s counsel that the defendant’s answer in this matter indicated that the horse on occasion may have been high strung or skittish and the testimony of Frederick Franklin and his sister that the horse was acting up. The testimony of Reanold Hawkins illustrated that the horse had never fallen with anyone before. Nothing in the record would substantiate or fulfill the plaintiff’s requirement of proving that there was a dangerous propensity of the animal. Allegations of being “high strung” or “skittish” and testimony that the horse was acting up could not possibly be interpreted as a “dangerous propensity,” especially when considered in light of the common knowledge that a great many horses at times are skittish, high strung, and act up. Surely it could not be contended seriously that all such horses have a “dangerous propensity to cause damage.”
Furthermore, as Reanold Hawkins, the owner and trainer of the horse, testified, the horse to his knowledge had never caused any damage before or shown any such dangerous propensities during the approximately two to three weeks that he owned the horse prior to the accident. Therefore, even if it could possibly be held that the horse had in fact exhibited dangerous propensities, the plaintiffs still failed to meet the requirement of proving that the owner had knowledge of the propensity of the animal to inflict damage. We do not believe res ipsa loquitur to be applicable because it can not be said that this accident is of a kind which ordinarily does not occur in the absence of someone’s negligence. The mildest mannered animal could become frightened resulting in the accident in question. Furthermore, the horse was in the control of the plaintiff, Frederick Franklin, rather than in the control of the defendant at the time of the accident. We do not otherwise find negligence on the part of Reanold Hawkins.
Accordingly, the disposition of this case by the Lower Court is correct.
For the above and foregoing reasons, the judgment of the Lower Court is affirmed, plaintiff to pay all costs.
Judgment affirmed.